UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **KYLE PETERSEN,** <br><br> Defendant. | CASE NO. 1:17-CR-00255-LJO-SKO <br><br> **ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR TRANSCRIPTS AND ORDERS** <br><br> (ECF No. 76) |

Before the Court is defendant Kyle Petersen's ("Defendant") Request for Court Transcripts and Court Orders ("Motion"), filed August 29, 2019, requesting a copy of transcripts in his case from January 7, 2019; March 18, 2019; March 20, 2019; and July 15, 2019, as well as court orders entered on January 24, 2019; March 18, 2019; and July 15, 2019. Defendant seeks these materials in relation to a pending *Bivens*[1] action he has filed, Case No. 1:19-cv-00138-DAD-EPG. On February 19, 2019, Defendant was granted permission to proceed *in forma pauperis* in the civil matter. *See* ECF No. 5, 1:19-cv-00138-DAD-EPG. For the following reasons, Petitioner's Motion is GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARD AND ANALYSIS

A litigant who has been granted *in forma pauperis* status may move to have transcripts produced at government expense. Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited

---
[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1

circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding *in forma pauperis*:

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c). None of these circumstances apply here.

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." A request for a transcript at government expense should not be granted unless "the appeal presents a substantial issue." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984). The same is no less true of a suit, rather than an appeal.

Here, Defendant asserts in his civil suit that federal agents violated his Fourth Amendment rights when the agents searched Defendant's cell phones without first securing a warrant. ECF No. 1 at 3, 1:19-cv-00138-DAD-EPG. As it relates to the content of the transcripts, the Court notes that Defendant did not stand trial in his criminal case. Instead, Defendant pled guilty after the Court granted in part and denied in part his two motions to suppress evidence related to the cell phone searches.[2] ECF Nos. 24, 35, 38, 46, 50. The motion to suppress relevant here—Defendant's first motion—was decided on papers submitted by counsel; no hearing was conducted. ECF Nos. 24, 33, 34, 35.[3] Part of the substance of Defendant's first motion to suppress now serves as the gravamen of his civil suit.

Relevant to the second prong of 28 U.S.C. § 753(f), the above history of Defendant's first motion to suppress makes clear that the transcripts from the dates requested by Defendant are not necessary to

---

[2] Defendant later attempted to withdraw his plea on other grounds. ECF No. 57, 66.
[3] Defendant's second motion to suppress did not concern the federal agents named in his civil suit. ECF No. 38, 46.

decide the issue presented by Defendant's civil suit. No witnesses were called in the first motion, and no testimony was taken. ECF Nos. 7, 34, 35. Of the transcripts requested for January 7, 2019; March 18, 2019; March 20, 2019; and July 15, 2019, only the January transcript is related in any way to Defendant's first motion to suppress; however, that January court date ultimately resulted in a continuance of the hearing that had been scheduled (and which ultimately was cancelled). ECF Nos. 31, 46, 51, 66.[4] The other transcripts requested by Defendant relate to his second motion to suppress, his change of plea hearing, and his sentencing. Because the transcripts requested by Defendant are facially unrelated to Defendant's present civil suit and Defendant has not suggested why relevant (let alone "necessary") information might be contained therein, his request for transcripts is DENIED.

Defendant also requests copies of court orders dated January 24, 2019; March 18, 2019; and July 15, 2019. The January 24, 2019, orders, ECF Nos. 34 and 35, the latter of which is an amended version of the former, relate to Defendant's suit and substantiate Defendant's contention in his suit that evidence searched by federal agents was suppressed. "[T]he Clerk does not ordinarily provide free copies of case documents to parties" and "charges $.50 per page for copies of documents." *Marsh v. Vegianelli*, No. 1:09-cv-01243-GSA-PC, 2012 WL 5505079, at *2 (E.D. Cal. Nov. 13, 2012) (citing *see* 28 U.S.C. § 1914(a)). However, given that both of the Court orders entered on January 24, 2019, are text-only minute orders, the burden is minimal. So, as a courtesy, this request is GRANTED.

Defendant's request for court orders entered on March 18, 2019, and July 15, 2019, is DENIED. These are procedural minute orders that do not pertain directly to Defendant's civil suit. Of course, Defendant is welcome to request copies of any public document on his docket at regular clerk's office rates.

---

[4] At the aborted hearing, the government informed the Court of the possibility that it would not be opposing Defendant's first motion to suppress and briefly summarized its reasons, but all parties agreed to await further investigation by the government, and the Court did not take testimony or rule based on the government's speculative proffer. ECF No. 32 at 2-5. The government ultimately filed a Statement of Non-Opposition, ECF No. 33, outlining all relevant factual and legal information. That paper and Defendant's first Motion to Suppress, ECF No. 24, not statements made at the January 7, 2019, hearing, served as the Court's basis for its ruling on January 24, 2019. ECF No. 35.

## II. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's request for transcripts is **DENIED**; and

2. Defendant's request for a copy of the Court's orders from January 24, 2019, ECF Nos. 34 and 35, is **GRANTED**, and the Clerk is directed to mail a copy of those minute orders to Defendant along with a copy of this Order; and Defendant's request for the Court's orders from March 18, 2019, and July 15, 2019, is **DENIED**.

IT IS SO ORDERED.

Dated: **September 23, 2019**         /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE