# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:17-CR-00255-LJO-SKO-1 |
| Plaintiff, | ORDER DENYING REQUEST FOR TRANSCRIPTS (ECF NO. 80) |
| v. | |
| KYLE EVAN PETERSON, | |
| Defendant. | |

Defendant Kyle Peterson pled guilty on March 20, 2019, to one count of receipt of material involving the sexual exploitation of minors. ECF No. 51. He was sentenced on July 15, 2019, to 162 months' incarceration and 180 months' supervised release. ECF No. 66. On October 15, 2019, Defendant filed a request for a copy of various transcripts, stating the "transcripts are needed in order for [Defendant] to file a 28 U.S.C. § 2255" motion, "based upon a speedy trial violation." ECF No. 80. Defendant "believe[s] that the time waivers [sic] did not comply with statutory guidelines." *Id*. For the following reasons, the Court denies Defendant's request.

Defendant's request for transcripts is premature under 28 U.S.C. § 735(f). Although Defendant is indigent, he has not filed a habeas petition, and therefore, he is not entitled to copies of transcripts at government expense until he has done so. *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *United States v. Lucatero*, No. 05–cr–0443–WBS, 2007 WL 1747077, at *2 (E.D. Cal. June 18, 2007) ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or

copying such transcripts or other documents paid by the United States."). In the absence of Defendant actually filing a post-conviction motion, the Court cannot determine whether his motion is frivolous, as required by § 753(f).[1] Therefore, his request for a free copy of transcripts is **DENIED**. Defendant is free to request that the transcripts be prepared at his own expense. **Accordingly, the Clerk of Court is directed to serve on Defendant a transcript request form along with a copy of this order**.

IT IS SO ORDERED.

Dated: **October 18, 2019**       /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE

---

[1] The Court notes, without prognosticating on the merits of any later transcript request, that Defendant's plea agreement waives most collateral attacks on his conviction. *See* ECF No. 50. Assuming *arguendo* that Defendant files a § 2255 petition presenting a speedy trial claim, Defendant's request for transcripts will be evaluated in light of his plea agreement and under existing law, which currently requires a showing that the defendant is "permitted to sue or appeal in forma pauperis," and a certification by the trial judge that (1) "the suit or appeal is not frivolous" and (2) "that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).