UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE EVAN PETERSON,<br><br>Defendant. | No. 1:17-cr-00255-NONE-SKO<br><br>ORDER RE REQUEST FOR AMENDMENT OF JUDGMENT<br><br>(Doc. No. 86) |

On July 15, 2019, defendant was sentence to 162 months incarceration followed by 180 months supervised release, after having pled guilty to one count of receiving material involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2). (*See* Doc. No. 67.) The previously assigned district judge included in the criminal judgment a recommendation that defendant be placed in "Littleton, Colorado . . . , insofar as this accords with security classification and space availability." (*Id*. at 2.)

On February 6, 2020, defendant filed a motion requesting that the criminal judgment be amended to reflect a recommended placement in Englewood, Colorado, within the sex offender management program yard. (Doc. No. 86 at 1–2.) Defendant bases his request in part on the assertion that "no federal prison exists in Littleton, Colorado." (*Id*. at 1.) A court may correct clerical errors in a criminal judgment outside the normal fourteen (14) day window for amending such a judgment. *Compare* Fed. R. Crim. P. 35 (a) (permitting a court to correct a sentence that

1

resulted from arithmetic, technical, or other clear error within 14 days) *with* Fed. R. Crim. P. 36 (permitting correction of a clerical error in a judgment "at any time"). Accordingly, the court construes plaintiff's motion as one to correct a clerical error pursuant to Federal Rule of Civil Procedure 36. Here, however, there is no error to correct. The Federal Correctional Institution in Englewood, Colorado is technically located in the town of Littleton, Colorado. *See* Federal Bureau of Prisons: FCI Englewood, https://www.bop.gov/locations/institutions/eng/ (last visited February 12, 2020). Therefore, the court will not amend the criminal judgment.

Defendant's motion raises another matter. According to his return address, defendant is presently housed at the United States Penitentiary in Lompoc, California. (Doc. No. 86.) In his motion defendant complains that he has spent the last five months in the Lompoc Special Housing Unit and has been punished several times for "refusing to walk the yard." (*Id*. at 2.) Plaintiff asserts that he would be subject to assault if he "walked" the yard. (*Id*.) Because these issues do not challenge the validity of his conviction or duration of his confinement, the court lacks jurisdiction to consider these issues in the context of this criminal case or under the court's habeas corpus jurisdiction. Defendant's allegations appear, rather, to be a possible complaint about the conditions of his confinement, which must be brought, if at all, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971). The information contained within defendant's motion provide an insufficient basis for the court to determine with any certainty whether he actually is attempting to bring a *Bivens* action. Accordingly, the court will not take steps to convert his request into a *Bivens* claim at this time. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (suggesting conversion may be appropriate if sufficient information is ascertainable from the filing). Instead, the Clerk of Court will be directed to send defendant a copy of the court's "Prisoner Civil Rights Packet" along with a copy of this order.

**CONCLUSION AND ORDER**

For the reasons set forth above:

1. Defendant's request to correct the criminal judgment (Doc. No. 86) to reflect placement in Englewood, Colorado is DENIED as unnecessary; and

/////

2. The clerk of court is directed to send defendant a copy of the court's "Prisoner Civil Rights Packet" along with a copy of this order.

IT IS SO ORDERED.

Dated: __**February 12, 2020**__   _____*Dale A. Drozd*_____
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE