UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE EVAN PETERSON,<br><br>Defendant. | No.  1:17-CR-00255-LJO-SKO-1<br><br>ORDER DENYING REQUEST TO STAY COLLECTION OF SPECIAL ASSESSMENT<br><br>(Doc. Nos. 88, 89) |

Defendant Kyle Peterson pled guilty on March 20, 2019, to one count of receipt of material involving the sexual exploitation of minors.  (Doc. No 51.)  He was sentenced on July 15, 2019, to 162 months incarceration and 180 months supervised release.  (Doc. Nos. 66, 67.)  He was also ordered to pay a special assessment of $100.  (*Id*.)  Defendant appealed his conviction on July 19, 2019.  (Doc. Nos. 68, 69.)  That appeal remains pending.

Defendant has now moved the court for a temporary stay on the collection of the $100 special assessment.  (Doc. Nos. 88, 89.)  He contends that if he pays the assessment now and his conviction is reversed, he "will be required to request a refund from the court," and is concerned that "[i]n such circumstances, a refund is a time consuming and difficult task for the requesting party . . . that may cost him a fee."  (Doc. No. 89.)

The imposition of a special assessment on a convicted person is required by 18 U.S.C. § 3013, which provides that any such assessment "shall be collected in the manner that fines are collected in criminal cases."  18 U.S.C. § 3013(b).  Under Federal Rule of Criminal Procedure

1

38(c) ("Rule 38"), a court "may stay a sentence to pay a fine or a fine and costs . . . on any terms considered appropriate." It is in the discretion of the sentencing court to grant a motion to stay under Rule 38. *United States v. Alvarez*, No. 14-CR-1748-GPC, 2015 WL 13187313, at *2 (S.D. Cal. Apr. 10, 2015); *United States v. Catlett*, No. 2:13-CR-00208 JAM, 2013 WL 6797482, at *1 (E.D. Cal. Dec. 19, 2013). At least one court in this district has applied factors related to entering a stay pending appeal in the civil context to a Rule 38 stay. *See Catlett*, 2013 WL 6797482, at *1 (applying to Rule 38 stay analysis the following factors from *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."). Other district courts have questioned whether this is appropriate. *See Alvarez*, 2015 WL 13187313, at *1 n. 1.

Whether or not the *Lair* factors apply under Rule 38, here the court declines to exercise its discretion to stay the special assessment based on defendant's present showing. In essence, defendant's position is that the inconvenience of having to pay the $100 special assessment and then request a refund is sufficient to warrant a stay. Yet, this would pertain to every convicted person, since every defendant convicted of a felony offense in federal court is required to pay a mandatory special assessment under 18 U.S.C. § 3013. If the court were to accept defendant's position, without more, it would follow that it should impose a stay in every criminal case that is appealed. This would render inoperative Rule 38's permissive language. *See* Fed. R. Crim. P. 38(c) ("If the defendant appeals, the district court . . . *may* stay a sentence to pay a fine or a fine and costs.") (emphasis added). The court does not adopt such an interpretation of the Rule.

Accordingly, the request to stay the imposition of the $100 special assessment (Doc. Nos. 88, 89) is DENIED.

IT IS SO ORDERED.

Dated:  **June 4, 2020**                                    _____
                                                             UNITED STATES DISTRICT JUDGE