UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE EVAN PETERSON,<br><br>Defendant. | No.  1:17-CR-00255-LJO-SKO-1<br><br><br>ORDER DENYING RENEWED REQUEST TO STAY COLLECTION OF SPECIAL ASSESSMENT<br><br>(Doc. No. 93) |

Defendant Kyle Peterson pled guilty on March 20, 2019, to one count of receipt of material involving the sexual exploitation of minors. (Doc. No 51.) He was sentenced on July 15, 2019, to 162 months incarceration and 180 months supervised release. (Doc. Nos. 66, 67.) At the time of his sentencing, he was also ordered to pay a mandatory special assessment of $100. (*Id*.) Defendant appealed from his judgment of conviction on July 19, 2019. (Doc. Nos. 68, 69.) That appeal remains pending before the Ninth Circuit Court of Appeals.

On March 16, 2020, and again on June 2, 2020, defendant moved the court for a stay on the collection of the $100 special assessment imposed as part of his sentence in this case. (Doc. Nos. 88, 89.) On June 4, 2020, the court denied the request without prejudice as insufficiently supported. (Doc. No. 90.) Defendant Peterson has now renewed the request. (Doc. No. 93.)

As this court explained in its June 4, 2020 Order, the imposition of a special assessment on a convicted person is required by 18 U.S.C. § 3013, which provides that any such assessment "shall be collected in the manner that fines are collected in criminal cases." 18 U.S.C. § 3013(b).

1

1  Under Federal Rule of Criminal Procedure 38(c) ("Rule 38"), a court "may stay a sentence to pay
2  a fine or a fine and costs . . . on any terms considered appropriate." It is in the discretion of the
3  sentencing court to grant a motion to stay under Rule 38. *United States v. Alvarez*, No. 14-CR-
4  1748-GPC, 2015 WL 13187313, at *2 (S.D. Cal. Apr. 10, 2015); *United States v. Catlett*, No.
5  2:13-CR-00208 JAM, 2013 WL 6797482, at *1 (E.D. Cal. Dec. 19, 2013). At least one court in
6  this district has applied factors related to entering a stay pending appeal in the civil context to a
7  stay sought pursuant to Rule 38. *See Catlett*, 2013 WL 6797482, at *1 (applying to Rule 38 stay
8  analysis the following factors from *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012): "(1)
9  whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
10 (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the
11 stay will substantially injure the other parties interested in the proceeding; and (4) where the
12 public interest lies."). Other district courts have questioned whether consideration of the factors
13 relevant to the issuance of a stay pending appeal in the civil context is appropriate in the context
14 of a request brought pursuant to Rule 38. *See Alvarez*, 2015 WL 13187313, at *1 n. 1.

15 Assuming without deciding that the *Liar* factors apply under Rule 38, the court once again
16 declines to exercise its discretion to stay the special assessment. The court has carefully
17 examined the pending motion and the underlying record, including the plea agreement of the
18 parties (Doc. No. 50), the plea colloquy (Doc. No. 59), defendant's motion to withdraw his plea
19 (Doc. No. 57), the government's opposition thereto (Doc. No. 63), and the transcript of the
20 hearing on defendant's motion to withdraw his plea. (Doc. No. 75). For the reasons the
21 previously-assigned district judge articulated in ruling on defendant's motion to withdraw his
22 plea, the undersigned concludes that defendant Peterson has not made a sufficient showing that he
23 is likely to succeed on the merits of his appeal.

24 Accordingly, the request to stay the imposition of the $100 special assessment (Doc. No.
25 93) is DENIED.

26 IT IS SO ORDERED.

27 Dated:   **September 29, 2020**
28                                                UNITED STATES DISTRICT JUDGE

2