# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KYLE PETERSON,<br><br>　　　　　　Defendant. | Case No. 1:17-CR-00255-JLT-SKO<br><br>ORDER REGARDING DEFENDANT'S MOTION TO AMEND § 2255 PETITION<br><br>(Doc. 103) |

　　　　Defendant filed a § 2255 Motion on August 25, 2022. On September 19, 2022, he requested leave to amend his § 2255 Motion to add a new claim but did not attach a proposed amended complaint or identify the claim he intends to add. Generally, a habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255 ("[t]he Federal Rules of Civil Procedure ... may be applied to a [§ 2255] proceeding"). Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Under Federal Rule of Civil Procedure 15(a), a § 2255 movant or habeas petitioner may amend his or her pleading once as a matter of course.

　　　　The Ninth Circuit has held that "when a pro se petitioner files a new [§ 2255 motion or habeas] petition in the district court while an earlier-filed [§ 2255 motion or habeas] petition is

still pending, the district court must construe the new [§ 2255 motion or habeas] petition as a motion to amend the pending [§ 2255 motion or habeas] petition rather than as an unauthorized second or successive [§ 2255 motion or habeas] petition." *Goodrum v. Busby*, 824 F.3d 1188, 1192 (9th Cir. 2016) (alterations added). However, amendment of a habeas petition or § 2255 motion generally will not be permitted if the applicable one-year statute of limitations has run. *Perez-Serrano v. United States*, 2007 WL 1834880, at *2 (E.D. Cal. June 26, 2007). Even if the statute of limitations has run, amendments that "relate[ ] back to the date of the original pleading," arising "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," may be permitted. Fed. R. Civ. P. 15(c)(1). An amendment "does not relate back (and thereby escape [the statutory] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Because Defendant has not yet filed an amendment to his petition, the Court cannot tell which, if any, of these rules will apply to him. In light of his indication of an intent to amend, however, the Court will take no action on his pending petition for 60 days to provide Defendant with time to file a proposed amended petition.

IT IS SO ORDERED.

Dated:   **September 21, 2022**

UNITED STATES DISTRICT JUDGE

2