# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>KYLE PETERSON,<br><br>        Defendant. | Case No. 1:17-CR-00255-JLT-SKO<br><br>ORDER GRANTING MOTION TO AMEND § 2255 PETITION<br><br>ORDER DECLINING TO RECUSE<br><br>(Docs. 106, 107) |

      Defendant filed a § 2255 Motion on August 25, 2022. On September 19, 2022, he requested leave to amend his § 2255 Motion to add a new claim but did not attach a proposed amended complaint or identify the claim he intends to add. Thereafter, on September 21, 2022, the Court entered an order explaining, generally, the standards that apply to a motion to amend a habeas petition. (Doc. 105.) But because Defendant had not provided any proposed amendment, the Court indicated it could not "tell which, if any, of these rules will apply" to Defendant. (*Id*.)

      On October 3, 2021, Defendant filed a response to the Court's September 21 Order. (Doc. 106.) Therein, he points out that his petition for a writ of certiorari related to his direct appeal was denied on November 8, 2021. Pursuant to 28 U.S.C. § 2255 (f)(1), the one-year statute of limitations applicable to § 2255 motions begins to run as of the "date on which the judgment of conviction bec[ame] final," unless a later start date is triggered by another provision of § 2255(f). For a defendant who timely petitioned for a writ of certiorari, the date on which the petition was

denied serves as the start date for the running of the statute of limitations. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). Defendant therefore appears to have until November 8, 2022, to file a § 2255 Motion. Where an amendment takes place within the limitations period, courts normally consider any additional claims added by amendment to be part of a defendant's initial § 2255 motion. *See, e.g., Ioane v. United States*, No. 1:09-CR-00142 LJO, 2015 WL 252010, at *1 (E.D. Cal. Jan. 20, 2015). Therefore, Defendant's motion for leave to amend will be **GRANTED**. Any amendment shall be filed on or before November 8, 2022.[1]

In addition, Defendant has filed a separate document inviting the undersigned to consider whether it is appropriate to recuse herself from this matter. (Doc. 107.) Numerous claims in the pending § 2255 Motion relate to the issuance and execution of one or more search warrants. (*Id*.) Defendant points out that the undersigned approved at least one relevant search warrant on February 26, 2019. (*See* Doc. 106 at 2 n.1.) Defendant questions whether "there may be a conflict of interest when he is challenging the decision of the judge who will rule on the § 2255, in issuing the warrant. Could such a person truly be unbiased?" (*Id*. at 2.) The Court concludes that recusal is neither necessary nor appropriate under these circumstances. It is routine—in fact it is *ordered* by Local Rule 190(d) wherever possible—for the trial and/or sentencing judge to handle any subsequent § 2255 motion filed by a defendant. This is done for several reasons, including to ensure the jurist with the most knowledge of a matter is assigned to review any § 2255 motion. As a result of this practice, trial judges who have, among other things, reviewed and approved of wiretaps and search warrants, ruled on numerous motions, and entered sentences, eventually are called upon to review and rule on § 2255 motions that frequently raise challenges related to those decisions. The assignment of Defendant's § 2255 Motion to a jurist who reviewed and approved a search warrant in the underlying criminal investigation is not materially different. As a result, the undersigned will not recuse herself from this matter.

---

[1] Defendant's response to the September 21, 2022, Order also describes in general terms the claim he wishes to add to his § 2255 Motion by way of amendment, likely to establish in advance that the proposed claim relates back to those he has already included in his initial Motion, filed August 25, 2022. The Court does not believe it is appropriate to engage in the relation back analysis at this time, as it appears Defendant intends to file any amendment before November 8, 2022.

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1) Defendant's motion to amend his § 2255 Motion to add the claim described in his October 3, 2022, filling (Doc. 106), is **GRANTED**. Any such amendment shall be filed on or before November 8, 2022.

(2) The undersigned declines to recuse herself from this matter, and Defendant's request (Doc. 107) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 5, 2022**

UNITED STATES DISTRICT JUDGE

3