PHILIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 1:17-cr-00255 JLT |
|---|---|
| Plaintiff, | **ORDER GRANTING THE UNITED STATES' MOTION FOR (1) A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES, AND (2) AN EXTENSION OF TIME** |
| v. | |
| KYLE EVAN PETERSON, | (Doc. 112) |
| Defendant. | Hon. Jennifer L. Thurston |

The United States of America moves for an order finding a partial waiver of the attorney-client and work product privileges and permitting discovery as to Defendant Kyle Even Peterson's ("Peterson") communications with his prior counsel, Marc Days, Esq., as well as counsel's relevant work product in connection with those aspects of his representation of Peterson that Peterson challenges in this case. Peterson has waived such privileges based on his motion filed on November 9, 2022, pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"), which asserts claims of a fourth amendment violation as ground one,[1] (Doc. 109 at 18–26); as well as ineffective assistance by his prior counsel as to grounds

---

[1] The government asserts that Peterson's fourth amendment violation claim has already been rejected by the Ninth Circuit in a published decision (*United States v. Peterson*, 995 F.3d 1061 (9th Cir. 2021)). The Court need not evaluate the merits of Peterson's motion at this time.

1

two through five, which appear to relate to the same or similar fourth amendment claims. (Doc. 109 at 26–50.) "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). The waiver applies equally to the work product privilege. *Id.* at 722 n.6.

Although somewhat difficult to discern with precision, Peterson appears to allege five claims, including a challenge regarding the government's search warrant on Fourth Amendment grounds and several claims regarding ineffective assistance of prior counsel. Peterson appears to claim that his prior counsel was ineffective for (a) not including a certain challenge to the search of his cell phones within any of the suppression motions filed, (b) not challenging the extent to which the search warrants described sexually explicit material, (c) failing to challenge the government's analyzing imaged copies of his cell phones, and (d) failing to challenge the government's search as exceeding the scope of the warrant. (Doc. 109 at 18–50.) There is good cause for discovery of attorney-client communications and work product concerning the matters raised in Peterson's § 2255 motion. Such discovery will, among other things, enable the government to respond fully to this court's January 5, 2023 Order directing it to file a brief in response to Peterson's claims. (Doc. 110.)

On March 17, 2023, government counsel represents that it spoke to Peterson's prior counsel in general terms about the § 2255 motion and the fact that it included claims of ineffective assistance of counsel. (Doc. 112 at 2.) The government represents that it informed Mr. Days that that the government would seek a court order finding a privilege waiver so that it could thereafter discuss with him the privileged communications and work product relevant to the response to defendant Peterson's § 2255 motion, as well as receive and/or review any copies of such communications and work product.[2] (*Id.*) Accordingly, the government filed the present motion.

By the allegations in his § 2255 motion, Peterson has waived any privilege as to attorney-client communications and work product for purposes of the § 2255 motion. "The defendant impliedly waives

---

[2] Counsel for the government represents that it also provided Mr. Days with the instant motion, the court's scheduling order, and the Ninth Circuit's published decision in an email that was sent to Mr. Days before of the instant motion for privilege waiver was filed. (Doc. 112 at 2, n.2.)

2

his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker*, 331 F.3d at 716, 719 & 722 n.6 (habeas petitioner waives attorney-client and work product privileges by asserting ineffective assistance of counsel). The privilege waiver in these circumstances is partial, in that the information obtained through the waiver is to be used for purposes of adjudicating Peterson's 2255 motion, but not in a retrial or in an unrelated case. *Bittaker*, 331 F.3d at 720–25; *Lambright*, 698 F.3d at 818. Peterson can preserve the confidentiality of such privileged communications only by abandoning the claims that give rise to the waiver condition. *Bittaker*, 331 F.3d at 721. "[T]he federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute." *Id.* 722.

If Peterson does not timely withdraw his allegations concerning ineffective assistance of counsel, the Court finds that he has waived the attorney-client privilege as to all communications with his former counsel and any privilege as to his counsel's work product with respect to the allegations in his § 2255 motion.

The government also requests a 90-day extension of time, from April 5, 2023 through July 5, 2023, by which to file its response to Peterson's § 2255 motion, as the government will need additional time to: (1) review the underlying case file,[3] (2) review the materials from defense counsel regarding each of Peterson's self-described ineffective assistance of counsel claims once they are retrieved and government counsel arranges to review them with him, and (3) determine the extent additional hearing transcripts may need to be ordered to properly address Peterson's claims. The Court agrees that a 90-day extension would be appropriate.

---

[3] The government represents that it has already retrieved the case file from archives.

## **ORDER**

Good cause appearing, the United States' motion for partial waiver of petitioner Kyle Evan Peterson's attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product (Doc. 112) is **GRANTED** as follows:

(1) The attorney-client privilege of defendant Kyle Evan Peterson is waived with respect to all communications between Peterson and his former attorney, Marc Days, concerning events and facts related to defendant's claims of ineffective assistance of counsel in defendant's § 2255 motion (Doc. 109).

(2) The work product privilege is waived with respect to the work product of attorney Marc Days concerning events and facts related to Peterson's claims of ineffective assistance of counsel in his § 2255 motion.

(3) Attorney Marc Days, and his staff and agents if relevant, may disclose to the government communications with defendant Peterson and work product concerning events and facts related to Peterson's claims of ineffective assistance of counsel in his § 2255 motion.

(4) Attorney Marc Days may provide the government with a declaration to address the communications with defendant Peterson and work product concerning events and facts related to the ineffective assistance of counsel claims presented in Peterson's § 2255 motion. Mr. Days may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(5) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

**ALTERNATIVELY**, the Court orders that if the finding of waiver changes defendant Kyle Evan Peterson's decision on whether or not to proceed with his § 2255 motion, he must notify this Court within fourteen (14) court days of the date of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do that confirms the alternative portion of this Order finding waiver.

Considering the above, the government's motion for an extension of time, to July 5, 2023, by which to file its response to defendant Peterson's § 2255 motion is also **GRANTED**.

IT IS SO ORDERED.

Dated:   **March 22, 2023**

UNITED STATES DISTRICT JUDGE