UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

KYLE EVAN PETERSON,

      Defendant.

Case No.  1:17-cr-00255-JLT-SKO-1

MEMORANDUM AND ORDER: (1) DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, and (3) DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR PLAINTIFF AND CLOSE THE CASE

## I. INTRODUCTION

After he plead guilty to one count of receiving material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2), the Court sentenced Kyle Peterson to 162 months in custody followed by 180 months of supervised release.  (Docs. 66, 67.)  Movant is incarcerated at Federal Correctional Institution – Pekin, IL, with an anticipated release date of August 9, 2029.[1] He now seeks, according to 28 U.S.C. § 2255, to vacate, set aside, or correct the July 15, 2019 judgment.[2, 3]  (Doc. 109.)

---

[1] BOP Inmate Locator, www.bop.gov/mobile/find_inmate (last visited September 25, 2025).

[2] The Court finds the amended motion was timely filed; the government does not argue otherwise.  (*See* Doc. 108; 28 U.S.C. § 2255(f); U.S.S.C. Rule 13; *Faines v. United States*, 808 F. Supp. 2d 708, 712 (D. Del. 2011).

[3] Movant's earlier filed § 2255 motions in the case (i.e. Docs. 82 and 102) were not reached on the merits.

1

On November 3, 2023, the government timely filed its opposition to the amended motion.[4]  (Doc. 120.)  Movant timely replied to the opposition on December 1, 2023.  (Doc. 122.)  For the reasons set forth below, the motion is **DENIED**.

## II. FACTUAL BACKGROUND

Movant was convicted in state court of possessing child pornography in 2009, 2013, and 2015.  (Doc. 25-1 at 1-2.)  Movant violated parole multiple times during the period March 2010 through April 2017.  (Doc. 56 at 12.)  On April 1, 2017, movant was released from state custody with conditions of parole that included search or seizure of property under movant's control by a probation officer, an agent or officer of the California Department of Corrections and Rehabilitation (CDCR), or any other peace officer.  (Doc. 41-2 at 3.)  Movant was also subject to 108 special conditions of parole including as to cellphones, internet access, and child pornography.  (*Id.* at 4-8.)

On May 23, 2017, CDCR Parole Officer Mekisha Buyard along with agents from Homeland Security Investigations executed a parole search of movant's residence during which Buyard saw one or more image(s) of child pornography on a Unimax cellphone in movant's possession; the cell phone was seized; and movant was arrested for parole violation.  (Doc. 25-1 at 11-12.)  On June 1, 2017, movant's parole was revoked.  (Doc. 32 at 3.)

During a custodial interrogation conducted by HSI on or about May 26, 2017, movant made statements after he had invoked his right to counsel.  (Doc. 24 at 1, 3-4.)  During the period May 27-June 15, 2017, a warrantless search of the Unimax cell phone was conducted by HSI Agent Anthony Sims, which captured 95 forensic images of child pornography.  (Doc. 25-1 at 15.)  Movant was released after 23 days in custody.  (Doc. 24 at 4.)

On July 6, 2017, Officer Buyard executed a parole search of movant's person and saw one or more image(s) of child pornography on an LG cell phone in movant's possession.  (Doc. 25-1 at 16-21.)  The cellphone was seized.  (*Id.*)  Movant was arrested for parole violation.

---

[4] The Court earlier granted the government's motion for partial waiver of movant's attorney-client privilege and the work product privilege and for compelled discovery regarding claimed ineffective assistance by movant's former trial counsel, Marc Days.  (Doc. 113.)

1    (*Id.*)  On July 14, 2017, movant's parole was revoked.  (Doc. 32 at 3.)

2    During the period July 6-September 25, 2017, HSI agent Simms conducted a

3    warrantless search of the LG cellphone which captured forensic images and 1 video of child

4    pornography.  (Doc. 25-1 at 20-21.)

5    ### III. PROCEDURAL BACKGROUND

6    On November 2, 2017, a federal grand jury charged movant by way of indictment with

7    Count One - Receipt of Material Involving the Sexual Exploitation of Minors, 18 U.S.C. §

8    2252(a)(2), based on the May 23, 2017 parole search; and Count Two - Possession of Material

9    Involving the Sexual Exploitation of Minors, 18 U.S.C. § 2252(a)(4)(B), based on the July 6,

10   2017 parole search.  (Docs. 1, 1-1.) The Court appointed attorney Marc Days to represent

11   movant in place of the Federal Defender.  (Doc. 8.)

12   In January 2019, the Court granted in part movant's first motion to suppress as to

13   forensic images extracted by Sims from movant's cellphones as well as certain of the

14   statements he made during his May 26, 2017 interview with HSI, ruling that:

15
16   > Pursuant to the Defendant's Motion to Suppress and the
17   > Government's Non-Opposition to part of that motion: 1. The
18   > evidence analyzed by HSI from the cellphone searches [Unimax
19   > and LG] that occurred on May 23 and July 6, 2017 is suppressed.
20   > The Parole Officer's on-site previews of the phones' contents are
21   > not suppressed. 2. Regarding the Miranda issue that is also a part
22   > of the Motion to Suppress, the motion is granted, but only
23   > AFTER the Defendant asked the agent to get his girlfriend's
24   > phone number from the cellphones the defendant said he did not
25   > own.

21   (Doc. 35.) On February 26, 2019, Sims submitted an application to the Court for a search

22   warrant to search the cellphones; that same day the warrant issued.[5]  (Doc. 38-1.)

23   In March 2019, the Court denied movant's second motion to suppress which was

24   directed at evidence obtained and derived from: (1) Buyard's May 23 and July 6, 2017

25   warrantless preview of the cellphones, and (2) execution of the warranted search of the

26   cellphones.  (Doc. 49 at 2, 19-20.)  The Court also denied movants' request for a *Franks*

27   _____

28   [5] Warrant 5:19-sw-00013-JLT.

3

1   hearing regarding probable supporting the search warrant.[6]  (*Id*.)

2          In March 2019, the parties entered a plea agreement: (1) movant agreed to plead guilty

3   to Count One - Receipt of Material Involving the Sexual Exploitation of Minors, 18 U.S.C. §

4   2252(a)(2); waive certain rights to appeal and/or collaterally attack the plea, conviction,

5   forfeiture order, restitution, or sentence, and (2) the government agreed to an aggregate offense

6   level 31 with a 3 level reduction if movant clearly demonstrates acceptance of responsibility

7   for his conduct, a term of 60 months supervised release, and dismissal of Count Two -

8   Possession of Material Involving the Sexual Exploitation of Minors, 18 U.S.C. §

9   2252(a)(4)(B).[7]  (Doc. 50.) The Court accepted the change of plea was taken in open court and

10  found it was knowing, intelligent and voluntary.  (Docs. 51, 59.)

11         Two months later, movant sought to withdraw his plea on grounds the Count One

12  elements listed in the plea agreement were incorrect; and the Court's plea colloquy was

13  deficient.  (Doc. 57.) The Court: (1) denied the motion to withdraw plea, (2) sentenced movant

14  on Count One within the Guidelines to 162 months in custody, 180 months supervised release

15  with conditions, a special assessment $100, and an order of forfeiture, (3) granted the

16  government's motion to dismiss Count 2, and (4) entered judgement thereon.  (Docs. 66, 67,

17  75.)

18         The Ninth Circuit Court of Appeals affirmed this Court's orders denying Movant's

19  motions to: (1) withdraw his guilty plea to receipt of child pornography in violation of 18

20  U.S.C. § 2252(a)(2), and (2) suppress evidence of sexually explicit images of minors found on

21  the two cellphones.  *United States v. Peterson*, 995 F.3d 1061 (9th Cir. 2021).  The Supreme

22  Court declined certiorari.  *Peterson v. United States*, 142 S. Ct. 472 (2021).[8]

23

24  _____

[6] *Franks v. Delaware*, 438 U.S. 154 (1978)

25  [7] Movant expressly retained the right to appeal the district court's denial of his motion to suppress evidence filed on March 4, 2019.  (Doc. 50 at 3.)

26  [8] The Court observes movant's related civil actions in this District did not result in a ruling on the merits.  See *Petersen v. Sims, Jr.*, 1:20-cv-00884-DAD-EPG [*Bivens* action dismissed as *Heck* barred]; *Petersen v. Buyard*,

27  1:20-cv-00954-DAD-EPG [§ 1983 action voluntarily dismissed]; *Petersen v. Buyard*, 1:20-cv-00999-DAD-EPG [§ 1983 action voluntarily dismissed]; *Petersen v. Sims*, 1:19-cv-00138-DAD-EPG [*Bivens* action dismissed on

28  qualified immunity]; *Peterson v. Roberson-Buyard*, 1:19-cv-00235-DAD-EPG [§ 1983 action dismissed for failure to state a claim].

# IV. LEGAL STANDARD

A person in custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a); *see also United States v. Hayman,* 342 U.S. 205, 217 (1952). The permissible grounds for a motion under § 2255 are "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . ." 28 U.S.C. § 2255(a).

To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("*Brecht's* harmless error standard applies to habeas cases under § 2255[.]"). Relief on an asserted error of law is warranted only upon the showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345-46 (1974) (citing *Hill v. United States*, 368 U.S. 424, 428-29 (1962)).

 "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where the allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

If a court finds that relief is warranted under § 2255, it must " 'vacate and set the judgment aside' " and then do one of four things: " 'discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.' " *United States v. Barron,* 172 F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255).

///

///

# V.     ANALYSIS

In this motion, Movant's raises the follow grounds for relief:

> Grounds 1, 5: Fourth Amendment Violation - The government obtained a "post-hac" warrant to search two cellphones to obtain data (forensic images) that had previously been suppressed by the Court.  (Doc. 109 at 1-13, 18-26, 39-42.)

> Grounds 2, 4, 5: Ineffective Assistance - Trial counsel was ineffective for not arguing Grounds 1 and 5 during the second suppression motion.  (Doc. 109 at 1-13, 26-29, 36-39, 39-42.)

> Ground 3: Ineffective Assistance - Appellate counsel was ineffective for not arguing that there was no probable cause to search the cellphones.  (Doc. 109 at 1-13, 29-36.)

## A.     Plea Waivers

A guilty plea is valid if it is both voluntary and intelligent.  *Brady v. United States*, 397 U.S. 742, 747 (1970).  It must be a knowing, intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences."  *Brady*, 397 U.S., at 748.  The *Hill* Court recognized that "[t]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  474 U.S., at 56 (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)).  Where, as here, a criminal defendant, on advice of counsel, has solemnly admitted in open court that he is guilty of a charged offense, he may not thereafter raise independent claims relating to deprivation of constitutional rights, but may only attack the voluntary and intelligent character of the plea by showing that counsel's advice was not within the standards of established Supreme Court authority.  *Tollet v. Henderson,* 411 U.S. 258, 266-67 (1973).  A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing.  *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006).

Therefore, movant's instant claims are not procedurally barred by his plea waivers to the extent he alleges constitutional violations as ineffective assistance of counsel which may be raised for the first time under § 2255.  *Martinez-Carranza,* 2015 WL 2159821, at *2 (citing *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993)) ("Generally, an express waiver of a statutory right, including the right to file section 2255 petitions, bars the defendant from

1  moving the sentencing court to vacate, set aside, or correct the sentence.*"); Massaro v. United*
2  *States*, 538 U.S. 500, 503 (2003) (claims of ineffective assistance of counsel need not be raised
3  on direct appeal); *Washington v. Lampert,* 422 F.3d 864, 871 (9th Cir. 2005)) ("a plea
4  agreement that waives the right to file a federal habeas petition . . . is unenforceable with
5  respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the
6  waiver itself.").

7  **B.    Ineffective Assistance of Trial Counsel**

8    Movant argues, at least implicitly that he would not have plead guilty absent trial
9  counsel's alleged ineffective assistance, and that his conviction upon guilty plea and sentence
10  should be set aside.  Particularly, movant argues that trial counsel was ineffective by failing to
11  seek to suppress the HSI's warranted 2019 search of the suppressed forensic images extracted
12  from the cellphones in 2017.  (Doc. 109 at 36-42.)  Movant reasons that the government's
13  reanalyzing the 2017 images exceeded the scope of the 2019 warrant which authorized search
14  of the cellphones and not the previously extracted images.  According to movant, the warranted
15  search was an end around the Court's 2017 suppression order and allowed admission of
16  illegally obtained evidence.  (Doc. 109 at 23, 36-42.)

17    To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate
18  that his attorney failed to exercise the degree of skill and diligence a reasonably competent
19  attorney would exercise under similar circumstances.  *Strickland v. Washington,* 466 U.S. 668,
20  687 (1984).  A movant must show that "counsel made errors so serious that counsel was not
21  functioning as the 'counsel' guaranteed by the Sixth Amendment."  *Id.*

22    The Sixth Amendment right to the effective assistance of counsel extends to the plea-
23  bargaining process, including the decision whether to accept or reject a plea offer.  *Lafler v.
24  Cooper*, 566 U.S. 156, 162 (2012); *see also Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).  The
25  negotiation of a plea bargain is a "critical phase of litigation" for purposes of the Sixth
26  Amendment right to effective assistance of counsel.  *Padilla v. Kentucky,* 559 U.S. 356, 373
27  (2010) (citing *Hill,* 474 U.S. at 57).

28    The law governing ineffective assistance of counsel claims is clearly established.

7

*Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998). In *Strickland*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. at 694. First, "deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 688). The movant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *See Strickland*, 466 U.S. at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (same). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-78; *Quintero-Barraza*, 78 F.3d at 1348; *see also Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

Second, to demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' " *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S., at 693)). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003) (same); *see also Premo v. Moore*, 562 U.S. 115, 125 (2011) ("[S]trict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage.").

In *Hill,* the Supreme Court adapted the two-part *Strickland* standard to challenges to guilty pleas based on ineffective assistance of counsel. The voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases. The defendant must show that counsel's representation fell below an objective standard of reasonableness. Second, there must be prejudice to the defendant in that but for counsel's unprofessional errors, he would have not pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S., at 57–59; *see also United States v. Freeny,* 841 F.2d 1000, 1002

1  (9th Cir.1988) (same).

2      **1.    Deficient Performance**

3          Movant argues that trial counsel was deficient by failing to argue at the second

4  suppression hearing the government's failure to extract new forensic images from the

5  cellphones after the issuance of the search warrant in 2019.  (Doc. 109 at 26-29.)  Movant

6  observes that on direct appeal, the Ninth Circuit found any such argument was waived by

7  counsel's failure to raise it before the district court.  *Peterson*, 995 F.3d at 1068.

8          The Fourth Amendment provides:

9              The right of the people to be secure in their persons, houses,
               papers, and effects, against unreasonable searches and seizures,
10             shall not be violated, and no Warrants shall issue, but upon
               probable cause, supported by Oath or affirmation, and
11             particularly describing the place to be searched, and the persons
               or things to be seized.
12

13  U.S. Const. amend. IV. This Court has observed that:

14             "[T]he ultimate touchstone of the Fourth Amendment is
               'reasonableness,' " and thus, "[w]here a search is undertaken by
15             law enforcement officials to discover evidence of criminal
               wrongdoing, ... reasonableness generally requires the obtaining
16             of a judicial warrant." *Riley v. California*, 573 U.S. 373, 381-82
               (2014) (second alteration in original) (internal quotation marks
17             and citations omitted). "In the absence of a warrant, a search is
               reasonable only if it falls within a specific exception to the
18             warrant requirement." *Id.* at 382.

19  *Petersen v. Sims*, 2021 WL 5989339, at *6 (E.D. Cal. Dec. 17, 2021), *report and*

20  *recommendation adopted*, 2022 WL 172841 (E.D. Cal. Jan. 19, 2022) (amended and

21  superseded on other grounds by *Peterson v. Sims*, 2022 WL 201017 (E.D. Cal. Jan. 1, 2022)).

22  A defendant challenging a warrant as constitutionally infirm must show (1) the warrant was

23  invalid under the Fourth Amendment, or (2) an otherwise valid warrant was "executed in a

24  manner that rendered the searches unreasonable." *United States v. Artis*, 919 F.3d 1123, 1128

25  (9th Cir. 2019).

26          Here, counsel argued at the second suppression hearing that: (1) the parole search of the

27  cellphones was involuntary and exceeded the scope of the parole conditions, (2) the HSI

28  searches of the cellphones were tainted by Buyard's illegal seizure of them, and (3) Sims's

9

probable cause affidavit was conclusory as to "sexually explicit conduct" and omitted material facts that the 2017 warrantless search of the cellphones by HSI had been suppressed and HSI therefore maintained illegal custody of the cellphones.  (Doc. 38 at 11-18.)

The record reflects that Sims's February 26, 2019 application for warrant to search the cellphones for evidence of 28 U.S.C. § 2252(a) receipt and possession of material depicting the sexual exploitation of a minor, referred to Buyard's parole preview of the cellphones and Sims's subsequent analysis of the cellphones and specifically stated that information obtained through Sims's analysis including supporting documentation was not used in the warrant application.  (*See* Doc. 38-3 at 4-5.)   The warrant application recited facts supporting probable cause to search the cellphones including Buyard's parole search and seizure of movant's cellphones upon finding the above noted images and video; and Buyard's parole report that movant continued to download child pornography and possess unauthorized cellphones.  (Doc. 38-3 at 15-17.)  The facts supporting probable cause are undisputed in the record and consistent with movant's statement of facts supporting the plea.  (*See* Doc. 50 at 7-8.)  Notably, the totality of facts in the case underlying the search warrant application include movant's multiple prior child porn convictions and parole violations.

The warrant application listed items to be searched and seized as including data and information in the cellphones relating to visual depictions of minors engaged in sexually explicit conduct.  (Doc. 38-4 at 5-7; *see also* Doc. 109 at 45, 48-50.)  The Court finds that Sims's February 2019 report of the warranted search demonstrates he searched within the scope of the warrant as framed by the parole search, that "the Target Devices [i.e. cellphones] were reanalyzed utilizing previously captured forensic images." (Doc. 41-2 at 19.)  Sims' report went on to detail the images extracted including 107 child exploitative images in the Unimax cellphone seized in May 2017, and 15 images and 1 video in the LG cellphone seized in July 2017.  (*Id.* at 19-20.)

The Ninth Circuit found the Court appropriately denied the second motion to suppress with regard to the parole search.  *Peterson*, 995 F.3d at 1068.  Particularly, the Circuit found the HSI 2019 forensic search did not rely on the independent source doctrine because "the

10

1    original parole search was valid." *Id.*  The Circuit concluded that "any illegality in the initial

2    seizure of forensic images from Peterson's cellphones was cured by the subsequent issuance of

3    a warrant to search the forensic images from cellphones that were legally seized from Peterson

4    as the result of valid parole searches. *Id.* at 1068-69.

5         The Court is unpersuaded by movant's argument that the warrant application

6    contemplated re-extracted cellphone images as an independent source of evidence – an

7    argument negated by the Circuit.  The Circuit's observation that the 2019 warranted search

8    retrieved child pornography by "reanalyz[ing] . . .  previously captured forensic images" is not

9    a basis to find otherwise because the reanalyzed images were fruit of the valid parole search.

10   *See Peterson*, 995 F.3d at 1068.

11        Movant's further arguments that the 2019 warranted search violated the Fourth

12   Amendment are equally uncompelling.  For example, movant cannot rely upon *United States v.*

13   *Miller* because the instant parole search did not rely upon any information gained from the

14   suppressed 2017 forensic search.  (Doc. 109 at 23-24 citing 11 F. 4th 944, 954-55 (8th Cir.

15   2021)).  As the *Miller* court observed, defendant bears the initial burden to show "the factual

16   nexus between the constitutional violation and the challenged evidence[.]" *Id.* at 954.

17   Movant's citation to *Murray v. U.S.*  is similarly unhelpful to him.  (Doc. 109 at 23-24, citing

18   487 U.S. 533 (1988)).  The *Murray* Court upheld use of evidence acquired in a later warranted

19   search that was not the result of an earlier unlawful search.  487 U.S. at 542.

20        For all the reasons discussed above, the Court finds movant has not rebutted the

21   presumption that trial counsel acted reasonably in these regards.  *Morrison*, 477 U.S. at 381.

22   The record reflects that counsel argued at the second suppression hearing, albeit

23   unsuccessfully, for exclusion of the government's reanalyzed forensic images extracted from

24   movant's cellphones.  Reasonable counsel could determine further argument futile given

25   evidence the unsuppressed parole search, and not the tainted forensic search, supported the

26   warrant.  *See Segura v. United States*, 468 U.S. 796, 814 (1984) (evidence obtained from a

27   search warrant issued after an illegal entry could be admissible if the warrant was based on

28   information wholly unconnected to the initial illegal entry).

1    The Ninth Circuit's upholding by necessary implication the Court's finding that the

2    2019 search was untainted by the 2017 forensic search and constitutionally permissible, is law

3    of the case and not subject to relitigation. *See United States v. Israel Washington*, 2024 WL

4    4753760, at *2 (E.D. Cal. Nov. 12, 2024), *report and recommendation adopted sub nom.*

5    *United States v. Washington*, 2025 WL 1359075 (E.D. Cal. May 9, 2025) (citing *Richardson v.*

6    *United States*, 841 F.2d 993, 996 (9th Cir. 1988)) (under the law of the case doctrine, a court is

7    ordinarily precluded from reexamining an issue previously decided by the same court, or a

8    higher court, in the same case). The Court finds that movant has not proffered facts of an

9    exception from the law of the case doctrine. *See United States v. Jingles*, 702 F.3d 494, 503

10   (9th Cir. 2012) (law of the case doctrine does not apply where "(1) the decision is clearly

11   erroneous and its enforcement would work a manifest injustice, (2) intervening controlling

12   authority makes reconsideration appropriate, or (3) substantially different evidence was

13   adduced at a subsequent trial."); *see also United States v. Phillips*, 367 F.3d 846, 856 (9th Cir.

14   2004) ("Issues that a district court determines during pretrial motions become law of the

15   case."). It follows movant's instant argument that the Ninth Circuit "ignored" that execution of

16   the warrant exceeded its scope[,]" (Doc. 109 at 20) falls short – as the Circuit upheld both the

17   warrant and its execution, as discussed above.

18        **2.    Prejudice**

19        Movant has not shown prejudice under the *Strickland* standard as it applies to guilty

20   plea challenges. (*See* Doc. 109 at 29.) As discussed above, the two-part standard adopted in

21   *Strickland* for evaluating claims of ineffective assistance of counsel applies to guilty plea

22   challenges. *Hill,* 474 U.S. at 52. In order to satisfy *Strickland's* second, or "prejudice," prong,

23   the defendant must show that absent his attorney's incompetence, he would "rational[ly]" have

24   "reject[ed] the plea bargain" and would "either have gone to trial or received a better plea

25   bargain[.]" *Rodriguez*, 49 F.4th at 1213 (citing *United States v. Rodriguez-Vega*, 797 F.3d 781,

26   788 (9th Cir. 2015)) (quoting *United States v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004)); *see*

27   *also Hill*, 474 U.S. at 58-59; *Padilla*, 559 U.S., at 372; *Lee v. United States*, 582 U.S. 357,

28   364–65 (2017) ("[W]hen a defendant claims that his counsel's deficient performance deprived

1   him of a trial by causing him to accept a plea, the defendant can show prejudice by

2   demonstrating a reasonable probability that, but for counsel's errors,  he would not have

3   pleaded guilty and would have insisted on going to trial.").  A court evaluating an ineffective

4   assistance of counsel claim is limited to evidence contemporaneous to the guilty plea, and

5   looking at the contemporaneous evidence, the court assesses the likelihood the defendant

6   would prevail at trial, and the relative consequences of the defendant's guilty plea compared to

7   a guilty verdict at trial.  *Rodriguez*, 49 F.4th at 1214.

8          Movant has not pointed to facts in the record contemporaneous with his guilty plea, that

9   absent counsel's allegedly deficient conduct, he rationally would have rejected the plea bargain

10  and proceeded to trial where he likely would have succeeded, or received a better plea deal.

11  Even absent trial counsel's allegedly deficient conduct, suppression of the warranted search

12  was unlikely, for the reasons stated.  For example, nothing in the record suggests that different

13  images would have been extracted from the cellphones in 2019.  The Circuit observed that the

14  cellphones could have been reimaged in 2019.  *Peterson*, 995 F.3d at 1068; *see also United*

15  *States of America, Plaintiff-Appellee, v. Kyle Evan Peterson, Defendant-Appellant.*, 2020 WL

16  607849, at *38 [Appellant's Opening Brief, citing ER :123] (following the initial suppression

17  ruling, the government-maintained possession of the phones).  In this regard, Sims's warranted

18  2019 reanalysis included no less than 107 images of child pornography in the Unimax

19  cellphone seized in May 2017, and one video and 15 images of child phonograph on the LG

20  cell phone seized in July 2017.  (Doc. 41-2 at 19-20.)

21         Nor do the following facts agreed to by movant in his plea agreement, if proven at trial,

22  suggest that a 2019 re-extraction of images from the cellphones would have differed from the

23  2017 extraction:

24             [Movant], from approximately April 28 2017 and continuing
              through approximately May 23, 2017, in Kern County, within the
25             State and Eastern District of California and elsewhere, did
              knowingly receive one or more matters which contained any
26             visual depiction of a minor engaged in sexually explicit conduct
              as defined in Title 18,. United States Code, Section 2256, and
27             was of such conduct, and had been produced using materials
              which had been mailed, shipped, or transported in interstate or
28             foreign commerce.  Specifically, the defendant received on both
              a Unimax cellular phone and an LG cellular phone, which were

13

> each manufactured in China and therefore traveled in foreign commerce, at least one image file which contained a visual depiction, the producing of which involved the use of a minor engaged in sexually explicit conduct and was of such conduct, and which had traveled in interstate commerce, all in violation of Title 18, United State Code, Section 2252(a)(2).   [Movant] received at least 150 images but fewer than 300 images of material depicting minors engaged in sexually explicit conduct, and these images included depictions of pre-pubescent minors engaged in sado-masochistic conduct.

(Doc. 50 at 8.)  Additionally, suppression of the 2019 warranted search would not have been appropriate for "nonculpable, innocent police conduct." *Davis v. United States*, 564 U.S. 229, 240 (2011).  Movant does not point to authority and facts that the warrant was so clearly deficient that the executing officer "could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 926 (1984). On the other hand, had he chosen to go to trial, movant would have faced a potential total sentence of 720 months (i.e. up to 480 months on Count One and up to 240 months on Count Two).  (Doc. 1-1 at 3.)  As noted above, movant received a substantially more favorable sentence, 162 months, by pleading guilty to Count One.

### 3.   Conclusions

Movant has not demonstrated on the record that trial counsel was ineffective by failing to suppress the warranted 2019 search of the cellphones.[9]  Therefore, ineffective assistance of trial counsel is not a basis upon which to invalidate the plea agreement and waivers.

## C.   Ineffective Assistance of Appellate Counsel

Movant argues that appellate counsel was ineffective by failing to challenge the 2019 warrant on grounds of insufficient probable cause.  (Doc. 109 at 29-36.)  Particularly, movant argues that Sims's 2019 probable cause affidavit relied upon the evidence suppressed by the Court in 2017, lacked detail as to "sexually explicit conduct," and did not include child porn images.  (Doc. 109 at 29-36.)

A defendant challenging a warrant as constitutionally infirm must show (1) the warrant

---

[9] The Court need not and does not reach the government's argument that the claim for ineffective assistance of trial counsel is procedurally barred to the extent the issue of probable cause could have been but was not raised on direct appeal.  (*See* Doc. 120 at 12, 18-19.)

was invalid under the Fourth Amendment, or (2) an otherwise valid warrant was "executed in a manner that rendered the searches unreasonable." *Artis*, 919 F.3d at 1128. A search warrant satisfies the Fourth Amendment if it is (1) issued by a "neutral, disinterested" magistrate judge; (2) supported by an application that demonstrates probable cause that "the evidence sought will aid in a particular apprehension or conviction for a particular offense"; and (3) describes with particularity the place to be searched and the things to be seized. *Dalia v. United States*, 441 U.S. 238, 255 (1979).

Probable cause supports a search warrant if there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "This standard does not require the affidavit to establish that the evidence is in fact in the place to be searched, or even that it is more likely than not to be there. Rather, the issuing judge need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *United States v. Elmore*, 917 F.3d 1068, 1074 (9th Cir. 2019). "All data necessary to show probable cause must be contained within the four corners of a written affidavit given under oath." *United States v. Gourde*, 440 F.3d 1065, 1067 (9th Cir. 2006) (en banc). A finding of probable cause does not authorize a general search for evidence of any crime. "The scope of a warrant must be limited by its probable cause and must never include more than is covered by that probable cause." *United States v. King*, 985 F.3d 702, 707 (9th Cir. 2021) (quoting *United States v. Whitney*, 633 F.2d 902, 907 (9th Cir. 1980)).

The *Strickland* standards apply to appellate counsel as well as trial counsel. *United States v. Morales,* 2021 WL 6064672 at *9 (E.D. Cal. Dec. 22, 2021) (citing *Smith v. Murray*, 477 U.S. 527, 535–36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989)). To obtain relief on a claim of ineffective assistance of appellate counsel, an appellant "must show that counsel's [representation] fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, [appellant] would have prevailed on appeal." *Miller*, 882 F.2d at 1434) (citing *Strickland*, 466 U.S. at 688, 694).

When asserting counsel was objectively unreasonable for failing "to raise a particular claim" on appeal, a petitioner must demonstrate that "a particular nonfrivolous issue was

clearly stronger than issues that counsel did present." *Smith*, 528 U.S. at 288 (holding "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."); *see also Matire v. Wainwright*, 811 F.2d 1430, 1438 (11th Cir. 1987) (holding performance ineffective where appellate counsel "raised only a single, weak issue, notwithstanding the fact that a substantial, meritorious Fifth Amendment issue was obvious upon even a casual reading of the trial transcript").

When evaluating appellate counsel's decision to prioritize some claims over others, a court conducting habeas review must consult the trial record and consider "the potential strategic choices" counsel could have made to determine whether "counsel's conduct falls within the wide range of reasonable professional assistance." *Wilkins v. Macomber,* 2022 WL 912958, at *41 (N.D. Cal. March 29, 2022) (citing *Paul v. Pennywell*, 612 F. App'x 453 (9th Cir. 2015) [unpublished]); *see also Jones v. Barnes,* 463 U.S. 745, 751-52 (1983) ("[E]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."); *Gray v. Greer*, 800 F.2d 644, 647 (7th Cir. 1986) ("[T]he right to effective assistance of appellate counsel does not require an attorney to advance every conceivable argument on appeal which the trial record supports.").

### 1. Deficient Performance

Movant faults appellate counsel for failing to argue that Sims's affidavit in support of the 2019 warrant lacked probable cause because Sims relied on the suppressed images he extracted in 2017 and failed to include the child porn images.  (Doc. 109 at 29-42.)

Whether probable cause exists is a "commonsense, practical question" which is "not readily, or even usefully, reduced to a neat set of legal rules."  *Gates*, 462 U.S. at 230, 232. Reviewing courts pay "great deference" to the judge's determination of probable cause.  *Id.* at 236.  So long as the issuing judge had a "substantial basis for concluding that a search would uncover evidence of wrongdoing," the probable cause determination will be affirmed.  *Id.*; *see also United States v. Fernandez,* 388 F.3d 1199, 1252 (9th Cir.2004) ("Probable cause exists

1    when, considering the totality of the circumstances, the affidavit shows that there is a fair

2    probability that contraband or evidence of a crime will be found in a particular place."); *United*

3    *States v. Razo-Quiroz*, 2019 WL 3035556, at *12 (E.D. Cal. July 11, 2019) (probable cause

4    means "fair probability" and not certainty, or even a preponderance of the evidence).

5        The record on appeal shows that appellate counsel did argue the warrant was flawed,

6    that "[t]he search warrant relied on probable cause derived from the illegal parole searches . . .

7    [that] (a) warrant [] based on evidence seized in an unconstitutional search is tainted and

8    cannot support a lawful search . . . [and that] conducting an illegal warrantless search and

9    including evidence found in this search in an affidavit in support of a warrant is an activity that

10   the exclusionary rule was meant to deter." *United States of America, Plaintiff-Appellee, v. Kyle*

11   *Evan Peterson, Defendant-Appellant.*, 2020 WL 607849, at *39–40 [Appellant's Opening

12   Brief].  Even so, the Circuit upheld the Court's denial of the second suppression motion,

13   observing that Sims's affidavit supporting the warrant application "specifically informed the

14   issuing court of the prior forensic search of the phones and affirmed that no information from

15   that search was used in the application." *Peterson*, 995 F.3d at 1064.  Movant cannot relitigate

16   the Ninth Circuit's rejection of this predicate Fourth Amendment allegation.  *See Richardson*,

17   841 F.2d at 996.

18       Movant has not overcome appellate counsel's presumed reasonableness in challenging

19   the Court's denial of the second suppression motion both as to warrant sufficiency and warrant

20   execution, including as to the extent appellate counsel focused on the latter.  *See Strickland*,

21   466 U.S. at 689 ("[a] court must indulge a strong presumption that counsel's conduct falls

22   within the wide range of reasonable professional assistance); *Morrison*, 477 U.S. at 381

23   (same).  For example, the record before the Circuit included the Court's rejection of trial

24   counsel's argument that the warrant issued based upon the images extracted from the

25   cellphones in 2017.

26       The Court, like the Circuit, relied upon Sims's affidavit in support of the warrant which

27   stated that "no information obtained through the [prior unwarranted] analyses of the TARGET

28   DEVICES, namely any part of their respective examinations by SA Sims nor either of them, is

1    being used in this warrant application, nor any of their supporting documentation." (Doc. 38-3

2    at 5.) Reasonable appellate counsel could find the record to show Sims's affidavit relied upon

3    the unsuppressed facts contained in Buyard's parole violation reports regarding her May 2017

4    and July 2017 parole search previews of the cellphones, during which she found one or more

5    image(s) of child pornography on each cellphone and move on to more fertile ground. (*See*

6    Doc. 38-3 at 15-16.) Also, "[o]pinions and conclusions of an experienced agent regarding a set

7    of facts are properly a factor in the probable cause equation under the *Gates* totality of the

8    circumstances approach." *United States v. Motz,* 936 F.2d 1021, 1024 (9th Cir.1991) A fair

9    probability does not require "certainty or even a preponderance of the evidence," only "a

10   colorable argument for probable cause . . ." *United States v. Liu*, 2015 WL 163006, at *7 (E.D.

11   Cal. Jan. 7, 2015) (quoting *United States v. Krupa*, 658 F.3d 1174, 1179–80 (9th Cir.2011)).

12        Sims's failure to include child porn images with the warrant application was not, as

13   movant suggests, fatal to the warrant. The warrant considered in its entirety included sufficient

14   facts supporting a fair probability that evidence of the charged crimes would be found on the

15   cellphones, for the reasons stated. *United States v. Smith*, 795 F.2d 841, 847 (9th Cir. 1986)

16   (failure to present photos of child porn with the warrant application not fatal to the warrant in

17   light of the affidavit taken as a whole). Moreover, Sims's affidavit was not based solely on

18   suspected "lascivious" images. (*See e.g.*, Doc. 49 at 14-15.) Thus, movant's reliance upon

19   *United States v. Perkins* in arguing that the issuing judge should have, but failed to look at such

20   images does not aid him. (*See* Doc. 109 at 31-32; *United States v. Perkins*, 850 F.3d 1109,

21   1122-23 (9th Cir. 2017).

22        Both this Court and the Ninth Circuit upheld Buyard's search and preview of the

23   cellphones and subsequent seizure of the cellphones as authorized by movant's parole terms

24   and conditions. (Doc. 34; Doc. 49 at 19-20; *Peterson*, 995 F.3d at 1068 (concluding that "the

25   parole searches were constitutionally permissible"); *see also United States v. Bash*, 2021 WL

26   3207252, at *4 (E.D. Cal. July 29, 2021) (citing *Hudson v. Palmer*, 468 U.S. 517, 524) (1984)

27   (a convicted federal prisoner still serving a portion of his sentence on parole has diminished

28   Fourth Amendment rights). As noted, the Circuit found Buyard's constitutionally permissible

parole search of the cellphones including her preview of cellphone images, rather than the independent source doctrine, supported the warranted search of the cellphones.  *Peterson*, 995 F.3d at 1068.; *see also* Doc. 32 at 4.)  In the course thereof, the Circuit observed movant was allowed to possess electronic devices subject to search for content prohibited by his parole including sexually explicit content.  *Peterson*, 995 F.3d at 1068 (quoting *United States v. Johnson*, 875 F.3d 1265, 1273, 1275 (9th Cir. 2017)).

The Circuit also found the cellphones were "legally seized from Peterson as the result of the valid parole searches."  *Peterson*, 995 F.3d at 1064; *see also Petersen v. Roberson-Buyard*, 2019 WL 6878219, at *1 (E.D. Cal. Dec. 17, 2019) (finding the parole searches of movant's cellphones was authorized by California law and within the scope of searches allowed under the terms and conditions of movant's parole); Cal. Pen. Code 3067(b)(3) (all parolees shall be "subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant or with or without cause.").

Relatedly, movant fails to proffer facts that appellate counsel was unreasonable by not raising the Court's denial of his *Franks* motion during the second suppression hearing.  Movant does not point to facts that agent Sims's affidavit included any false statements or omitted facts material to the probable cause determination, as discussed above.  *See United States v. Meling*, 47 F.3d 1546, 1553 (9th Cir. 1995) (a criminal defendant is entitled to a *Franks* hearing if he can make a substantial preliminary showing that "the affidavit contain[ed] intentionally or recklessly false statements, and ... [that] the affidavit purged of its falsities would not be sufficient to support a finding of probable cause."); *see also Bash*, 2021 WL 3207252, at *6 (citing *United States v. Craighead*, 539 F.3d 1073, 1080–81 (9th Cir. 2008)) (quoting *Franks*, 438 U.S. at 155–56) ("A defendant is entitled to [a *Franks*] hearing if he 'makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause.').

### 2.      Prejudice

Movant argues, at least implicitly that absent appellate counsel's alleged deficient failure to raise insufficient probable cause supporting the 2019 warrant, there is a reasonable probability the Ninth Circuit would have suppressed the 2019 warranted search. Movant does not point to facts that the Circuit erred in finding Buyard's 2017 parole searches of the cellphones constitutional and adequate to support the 2019 warrant. Movant has not shown the result on appeal would have been different absent appellate counsel's allegedly deficient conduct relating to the suppressed 2017 images. In any event, movant cannot relitigate the Circuit's ruling upholding the Court's denial of the second suppression motion directed against the 2019 warranted search of the cellphones, as discussed above.

### 3.    Conclusions

Movant has not demonstrated on the record that appellate counsel was ineffective by failing to raise insufficient probable cause supporting the 2019 warrant.[10]   Therefore, ineffective assistance of appellate counsel is not a basis upon which to invalidate the plea agreement and waivers based upon trial counsel's alleged ineffective assistance at the second suppression hearing.

## D.    Evidentiary Hearing

Movant has requested an evidentiary hearing. (Doc. 109 at 43; *cf.* Doc. 122 at 9, where movant "agrees with the United States that no evidentiary hearing is needed.") Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255); *see also United States v. Jaramillo*, 2025 WL 2462728, at *20 (E.D. Cal. 2025) (same). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Rodriguez*, 49 F.4th at 1213. To earn the right to a hearing,

---

[10] The Court need not and does not reach the government's argument that the claim for ineffective assistance by appellate counsel is procedurally barred to the extent the issue of probable cause could have been but was not raised on direct appeal. (*See* Doc. 120 at 12, 16-17.)

1    therefore, the movant must make specific factual allegations which, if true, would entitle him

2    to relief.  *Id.*  "The Ninth Circuit's rule is that merely conclusory statements in a § 2255 motion

3    are not enough to require a hearing."  *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.

4    1980).

5         A § 2255 motion does not automatically entitle a movant to a hearing if the issues can

6    be conclusively decided on the basis of the evidence in the motion, files, and records.

7    *Blackledge v. Allison,* 431 U.S. 63, 80-82 (1977); 28 U.S.C. § 2255(b); *see also United States*

8    *v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to

9    deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show

10   that the movant is not entitled to relief"); Rule 8(a), Rules Governing Section 2255

11   Proceedings ( the court must review the answer, any transcripts and records of prior

12   proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary

13   hearing is warranted); *Fontaine v. United States,* 411 U.S. 213, 215 (1973) (§ 2255 hearing

14   required unless motion, files, and records conclusively show movant is not entitled to relief).

15   The district court exercises its discretion and common sense in determining whether a hearing

16   is necessary.  *U.S. v. Tate*, 523 F. Supp. 2d 165, 169 (D. Conn. 2007); *see also U.S. v.*

17   *Martinez*, 475 F. Supp. 2d 154, 161 (D. Conn. 2007) (a district court is permitted to dispose of

18   a motion to vacate without hearing where the case records demonstrate the defendant's claims

19   lack merit).

20        The Court agrees with the government that on the undisputed facts and evidence before

21   the Court, movant is not entitled to a § 2255 hearing  because his claims are not a basis for

22   relief.  (Doc. 120 at 20; *see also Shah*, 878 F.2d at 1160 (a district court, in deciding

23   a § 2255 claim of ineffective assistance of counsel in the context of a guilty plea, may rely on

24   the court record, including transcripts of the plea and sentencing hearings, in lieu of holding a

25   live hearing on the claim).  The motion may be denied as a matter of law without a hearing.

26   *See Leonti*, 326 F.3d, at 1116 (defendant filing a motion to vacate is entitled to an evidentiary

27   hearing unless the motion and the files and records of the case conclusively show that the

28   defendant is entitled to no relief); *see also Rodriguez-Vega*, 797 F.3d at 791 (citing *Allison,*

431 U.S., at 80–83) ("An oral hearing is not necessary in all cases."); *cf. United States v. Werle*, 35 F.4th 1195, 1202 (9th Cir. 2022) (evidentiary hearing necessary on § 2255 motion to determine factual questions underlying prejudice to overcome procedural default); *Iaea v. Sunn*, 800 F.2d 861, 865-66 (9th Cir. 1986) (remanding "for an evidentiary hearing to determine whether there is a reasonable probability Iaea would not have pled guilty absent counsel's erroneous advice"). Particularly in this case, movant does not raise a dispute of record facts, or raise a dispute of extra-record evidence. "Mere conclusory allegations do not warrant an evidentiary hearing." *See Shah*, 878 F.2d at 1161. Therefore, the Court finds that an oral hearing on the § 2255 motion is not necessary.

**E.      Appointment of Counsel**

Movant seeks appointment of counsel. (Doc. 109 at 43.) There is no constitutional right to appointment of counsel in habeas proceedings. As the Supreme Court has explained in *Pennsylvania v. Finley*, 481 U.S. 551 (1987):

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further . . . We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

481 U.S. at 555. Even so, a habeas petitioner possesses a non-constitutional, statute-based or rule-based ground for obtaining appointed counsel in certain situations. 28 U.S.C. § 2255(g) ("Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.")

Appointment of counsel is governed by the Criminal Justice Act, 18 U.S.C. § 3006A, and Rules 6 and 8 of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. Trial courts have the discretion to order the appointment of counsel for a financially eligible person who is seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255, at any stage of the case

1   when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); Rule 8(c) of the Rules

2   Governing Section 2254 Cases and the Rules Governing Section 2255 Proceedings, 28 U.S.C.

3   foll. §§ 2254 & 2255; *see* also *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "In

4   deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the

5   likelihood of success on the merits as well as the ability of the petitioner to articulate his claims

6   pro se in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954; *see*

7   *also United States v. Jaramillo*, 2025 WL 2462728 (E.D. Cal. 2025) (same).

8       In addition, appointment of counsel, to assist financially eligible § 2255 movants is

9   required in at least two situations: (1) when the court determines that counsel is "necessary for

10  effective utilization of discovery procedures"; and (2) when the court determines that "an

11  evidentiary hearing is required." Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. §

12  2255; *see also United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); W*eygandt*,

13  718 F.2d at 954.

14      In this case, there has been no showing that movant does not understand the nature of

15  his potential claims or is unable to articulate his claims pro se. Movant has not proffered facts

16  of good cause for discovery and evidentiary hearing, for the reasons discussed above. *See*

17  *Yepiz v. United States*, 2019 WL 13073557, at *3-4 (C.D. Cal. Sept. 30, 2019) (§ 2255

18  movant's motion for appointment of counsel denied where his claims are time barred and

19  evidentiary hearing is not required). Therefore, the Court finds that movant does not need and

20  is not entitled to appointment of counsel.

21  **F.    Certificate of Appealability**

22      Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, "[t]he district

23  court must issue or a deny a certificate of appealability when it enters a final order adverse to

24  the applicant." Rule 11, 28 U.S.C. foll. § 2255. A court may issue a certificate of appealability

25  where the moving party has made a substantial showing of the denial of a constitutional right,

26  and reasonable jurists could debate whether the motion should have been resolved differently,

27  or that the issues presented deserve encouragement to proceed further. *See Miller-El v.*

28  *Cockrell*, 537 U.S. 322, 336 (2003).

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, for the reasons stated. Furthermore, based on the foregoing, movant cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

## VI. CONCLUSIONS

Movant fails to state a claim for relief under 28 U.S.C. § 2255 on grounds of ineffective assistance by trial and appellate counsel on the asserted Fourth Amendment grounds. Movant's plea agreement including plea waivers of waivable claims was voluntary and knowing. Movant is not entitled to an oral hearing on the instant motion. Appointment of counsel is not warranted. Movant is not entitled to a certificate of appealability. Thus, the Court **ORDERS**:

1.   The motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence (Doc. 109) is **DENIED**.

2.   The request for a certificate of appealability is **DENIED**.

3.   The Clerk of the Court is directed to enter judgment in favor of the plaintiff and to close this case.

IT IS SO ORDERED.

Dated:   **September 30, 2025**

UNITED STATES DISTRICT JUDGE

24